IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

BALLENTINE EXPRESS CORP.

    Plaintiffs,

VS.                                                                     CASE: **2:21-cv-2242**

EAN HOLDINGS, LLC d/b/a ENTERPRISE
RENTALS and STEVEN D. BARKSDALE

    Defendants.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

    **COMES NOW** Plaintiff Ballentine Express Corp. ("Ballentine"), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and files its Complaint for Declaratory Judgment and alleges as follows:

### PARTIES

    1.    Plaintiff Ballentine Express Corp. ("Ballentine") is an inactive commercial trucking entity incorporated under the laws of the State of Tennessee with its principal place of business located at 3035 Directors Row, Bldg 2 Suite 216, Memphis, Tennessee 38131. Ballentine is a citizen and resident of the State of Tennessee and at all times relevant to this matter was doing business both within the State of Tennessee and engaged in interest commerce.

    2.    Defendant EAN Holdings, LLC d/b/a Enterprise Rentals ("Enterprise") is a Delaware limited liability company with its principal place of business at 600 Corporate Park Drive, Saint Louis, Missouri 63105, and may be served through its Tennessee Registered Agent CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, or by any other manner allowed under the Federal Rules of Civil Procedure. Enterprise is a citizen and resident

1

of the States of Delaware and Missouri and at all times relevant to this matter was doing business within the State of Tennessee.

3. Defendant / Necessary Party Steven D. Barksdale ("Barksdale") is a Mississippi resident who may be served with process by personal service at his residence at 2531 Pyramid Drive, Southaven, Mississippi 38672, or by any other manner allowed under the Federal Rules of Civil Procedure. Barksdale is a citizen and resident of the State of Mississippi.

### VENUE AND JURISDICTION

4. This matter is before the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57. This Court has jurisdiction over this matter and these parties based on both federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' request for declaratory relief centers on the interpretation and application of the Motor Carrier Act of 1980 ("MCA"), Pub. L. No. 96-296, 94 Stat. 793 (1980), specifically 29 U.S.C. § 13901 *et seq.*, and the Federal Motor Carrier Safety Regulations ("FMCSR"), codified at 49 CFR 350 *et seq*. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 as the parties to this matter are citizens and residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, jurisdiction is proper within the United States District Court for the Western District of Tennessee.

5. Venue is proper in the Western District of Tennessee, that being the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. §§ 123(c)(2) and 1391(b)(2). The Western District of Tennessee, Western Division (at Memphis), is the judicial district and division where the contract at issue governed by the MCA and FMCSR was entered into, where the Enterprise location at issue was located,

where the commercial vehicle at issue was rented by Ballentine from Enterprise and, thus, where the allegations forming the basis of Plaintiffs' request for declaratory relief occurred.

## FACTUAL ALLEGATIONS

6. At all relevant times, Ballentine was a commercial trucking entity based in Memphis, Tennessee in good standing with the Tennessee Secretary of State.

7. At all relevant times, Ballentine was a for-hire general freight carrier, owned and/or operated commercial vehicles, and was engaged in interstate commerce. As such, Ballentine's business, commercial vehicles, and commercial vehicle use were governed by the MCA and FMCSR. Pub. L. No. 96-296, 94 Stat. 793 (1980), 29 U.S.C. § 13101 *et seq.*, and 29 CFR 350 *et seq.*

8. The MCA and FMCSR mandate that all insurance policies for commercial freight carriers such as Ballentine contain an MCS-90 endorsement establishing financial responsibility of at least $750,000.00.

9. Pursuant to a Master Truck Rental Agreement with a beginning date of August 25, 2017, Ballentine regularly rented "commercial vehicles" from Enterprise for use in its commercial trucking business. *See* Master Truck Rental Agreement attached hereto as Exhibit 1. Ballentine used these commercial vehicles rented from Enterprise for its business of moving freight in interstate commerce as defined by the MCA and FMCSR.

10. Enterprise had actual and/or constructive knowledge that Ballentine was a commercial trucking business that was engaged in interstate commerce.

11. Enterprise had actual and/or constructive knowledge that the commercial vehicles it rented to Ballentine were being used by Ballentine as part of its commercial trucking business.

12. Enterprise had actual and/or constructive knowledge that the commercial vehicles it rented to Ballentine were being used by Ballentine in interstate commerce.

13. On January 5, 2018, Ballentine rented a 26-ft box truck from Enterprise at its Memphis, Tennessee branch located at 1885 E. Brooks Road, Memphis, Tennessee 38116. *See* Rental Agreement attached hereto as Exhibit 2. The box truck at issue was a "commercial vehicle" as defined by the MCA and FMCSR.

17. The commercial vehicle rented by Ballentine from Enterprise on January 5, 2018 was rented for the purpose of use in Ballentine's commercial trucking business to move freight in interstate commerce. *Id.* ("rental type: business").

18. Enterprise had actual and/or constructive knowledge that Ballentine rented the commercial vehicle on January 5, 2018 for the purpose of using the same as part of Ballentine's commercial trucking business to move freight in interstate commerce. *Id.* ("rental type: business").

19. As part of the January 5, 2018 rental, Ballentine purchased an insurance policy from Enterprise to cover the commercial vehicle Ballentine rented that day (the "Enterprise Policy"). *Id*. Pursuant to the terms of the Master Truck Rental Agreement, the Enterprise Policy was to be Ballentine's primary insurance for the commercial vehicle Ballentine rented from Enterprise on January 5, 2018. *See* Ex. 1, p. 6.

20. Upon information and belief, Enterprise did not provide a copy of the Enterprise Policy to Ballentine.

21. Upon information and belief, and in contravention of the MSA and FMCSR, Enterprise failed to provide the FMCSR minimum-required liability coverage of $750,000.00 and failed to include an MCS-90 endorsement on the missing Enterprise Policy purchased by Ballentine to cover the commercial vehicle that Ballentine rented from Enterprise on January 5, 2018. Instead, according to Enterprise, Enterprise only provided Ballentine with $100,000.00 in liability coverage.

4

22. On January 6, 2018, a Ballentine driver was operating the commercial vehicle rented from Enterprise's Memphis branch in Olive Branch, Mississippi when Ballentine's driver was involved in an accident that allegedly resulted in serious injuries to Barksdale.

23. Barksdale is an employee of AmeriSource Bergen and is in no way affiliated with Ballentine.

24. On September 23, 2019, Barksdale filed a lawsuit against Ballentine in the Circuit Court of Desoto County, Mississippi, Civil Action No.: CI2019-448-CWD (the "Barksdale Lawsuit"), alleging negligence, negligence *per se*, negligent hiring, and negligent supervision. *See* Barksdale's Complaint attached hereto as Exhibit 3. In his Complaint, Barksdale seeks compensatory damages for alleged personal injuries, pain and suffering, loss of enjoyment of life, permanent scarring and disfigurement, lost wages, past and future medical expenses, and for other pecuniary losses. *Id.*, pgs. 7-8. Barksdale has alleged damages of approximately $2,000,000.00 in economic damages alone as a result of the accident involving Ballentine and the commercial vehicle Ballentine rented from Enterprise.

25. Ballentine's insurer, Shelter General Insurance Company ("Shelter"), is defending Ballentine in the Barksdale Lawsuit under a reservation of rights.

26. Enterprise is aware of both the Barksdale Lawsuit and the underlying accident giving rise to the same.

27. On February 24, 2020, Ballentine caused a Civil Subpoena Duces Tecum to be served upon Enterprise seeking, among other items, "all insurance policies" covering the commercial vehicles rented by Ballentine. *See* Civil Subpoena Duces Tecum issued to Enterprise in the Barksdale Lawsuit (the "Enterprise Subpoena") attached hereto as Exhibit 4.

28. In response to the Enterprise Subpoena, Enterprise produced the Master Truck Rental Agreement and documentation related to rentals falling within the same. However, Enterprise failed to produce any documentation related to the Enterprise Policy.

29. Instead, Enterprise informed Ballentine by letter dated June 2, 2020 – months after its deadline to respond to Enterprise Subpoena – that Ballentine's policy only provided coverage in the amount of $100,000.00, well short of the minimum coverage of $750,000.00 mandated by the MCA and FMCSR. *See* June 2, 2020 letter from Enterprise agent Ms. Abigail Horne attached hereto as Exhibit 5.

30. Additionally, Enterprise's June 2, 2020 letter makes no mention of the required MCS-90 endorsement that Enterprise was mandated to provide as part of the missing Enterprise Policy. *Id.*

31. Ballentine again requested a copy of the Enterprise Policy by email dated March 5, 2021, following up with a second email dated March 12, 2021. *See* email string between Enterprise agent Ms. Horne and counsel for Ballentine attached hereto as Exhibit 6, pgs. 1-2.

32. In response to Ballentine's March 5, 2021 request, Enterprise declined to produce a copy of the Enterprise Policy. Instead, Enterprise waited over a month, and on April 6, 2021 opted to produce only the purported declarations page for the missing Enterprise Policy. *Id.*, p. 1; *see also* the purported declarations page attached hereto as Exhibit 7.

33. Again, the purported declarations page produced by Enterprise makes no mention of the required mandatory-minimum limit of $750,000.00 or the MCS-90 endorsement that Enterprise was mandated to provide as part of the missing Enterprise Policy. *See* Ex. 7.

34. Additionally, in breach of the parties' Master Truck Rental Agreement, the declarations page purports to relate to an excess policy despite the fact that Enterprise was contractually obligated to provide primary coverage for the commercial vehicle rented by

6

Ballentine and in contradiction of Enterprise's prior oral confirmations that the missing Enterprise Policy was, in fact, the primary policy attached to the commercial vehicle at issue. *Id.*, *see also* the Master Truck Rental Agreement, Exhibit 1, p. 6.

35. To date, Enterprise has been unable to locate and/or produce the physical copy of the Enterprise Policy that Ballentine purchased to cover the commercial vehicle rented from Enterprise on January 5, 2018.

36. To date, Enterprise has refused to admit potential liability under the missing Enterprise Policy for anything above $100,000.00. *See* June 2, 2020 Enterprise letter, Ex. 5.

37. The public policy underlying the MCA's financial responsibility obligations are "to assure that injured members of the public would be able to obtain judgments collectible against negligent authorized carriers." *T.H.E. Ins. Co. v. Larsen Intermodal Servs.*, 242 F. 3d 667, 672 (5th Cir. 2001). The MCS-90 is, "in effect, suretyship by the insurance carrier to protect the public—a safety net." *Id.*, at 673.

38. Enterprise has abdicated its duties and obligations owed to both Ballentine and Barksdale under the MCA and FMCSR with regard to the Barksdale Lawsuit.

### DECLARATORY RELIEF SOUGHT

39. Plaintiffs incorporate by reference the allegations contained in preceding paragraphs numbered 1 through 38.

40. Plaintiff alleges and avers that Enterprise has failed to provide to Ballentine a true and correct copy of the Enterprise Policy covering the commercial truck Enterprise rented to Ballentine on January 5, 2018, despite Ballentine's repeated efforts to obtain the same.

41. Plaintiffs alleges and avers that Enterprise failed its obligations as surety to Ballentine under the MCA and FMCSR by failing to provide to Ballentine through the missing Enterprise Policy adequate coverage for commercial motor vehicles and/or the MCS-90

endorsement to Ballentine for the commercial vehicle Ballentine rented from Enterprise on January 5, 2018.

42. Plaintiff alleges and avers that, through the Barksdale Lawsuit, Barksdale has alleged Ballentine is responsible for economic damages of approximately $2,000,000.00 attributable to Ballentine's alleged negligence in the operation of the commercial vehicle Ballentine rented from Enterprise on January 5, 2018.

43. Plaintiff alleges and avers that, due to the amount of damages claimed by Barksdale in the Barksdale Lawsuit, Plaintiff has been placed in a position of substantial exposure due to Enterprise's breach of contract and federal law by Enterprise's failure to provide to Ballentine through the missing Enterprise Policy either adequate coverage for commercial motor vehicles or the MCS-90 endorsement required by the MCA and FMCSR.

44. Therefore, Plaintiffs seek a Declaratory Judgment adjudicating and declaring the rights and liabilities of Ballentine, Enterprise, and Barksdale as they relate to the missing Enterprise Policy in relation to the Barksdale Lawsuit.

45. In this regard, Plaintiffs seek a Declaratory Judgment adjudicating and declaring that Enterprise violated public policy by failing to provide to Ballentine through the missing Enterprise Policy either adequate coverage for commercial motor vehicles or the MCS-90 endorsement required by the MCA and FMCSR.

46. Additionally, Plaintiffs seek a Declaratory Judgment adjudicating and declaring that Enterprise has a duty to defend and indemnify Ballentine under the missing Enterprise Policy for the claims alleged by Mr. Barksdale in the Barksdale Lawsuit up to the mandatory minimum amount of $750,000.00 as required by the MCA and FMCSR.

47. Additionally, Plaintiffs seek a Declaratory Judgment adjudicating and declaring that Enterprise is independently liable for damages alleged in the Barksdale Lawsuit in an amount not less than $750,000.00.

48. Finally, Plaintiffs seek a Declaratory Judgment adjudicating and declaring that, pursuant to the terms of the Master Truck Rental Agreement, the missing Enterprise Policy is the primary policy with regard to the Barksdale lawsuit and the inclusion of an MCS-90 endorsement on any other policy maintained by Ballentine does not, as a matter of law, shift any duties or obligations owed by Enterprise under the MCA and FMCSR. *See T.H.E. Ins. Co.*, 242 F. 3d at 673.

**WHEREFORE, PREMISES CONSIDERED**, Shelter prays as follows:

a. That Defendants be required to appear and answer herein;

b. That the Court adjudicate and declare that Ballentine purchased a policy of insurance from Enterprise (the "Enterprise Policy") to cover the commercial vehicle that Ballentine rented from Enterprise on January 5, 2018;

c. That the Court adjudicate and declare that Enterprise has never produced a true and correct copy of the Enterprise Policy to Ballentine;

d. That the Court adjudicate and declare that Enterprise was statutorily mandated by the MCA and FMCSR to provide coverage of at least $750,000.00 to Ballentine for the commercial vehicle Ballentine rented from Enterprise on January 5, 2018;

e. That the Court adjudicate and declare that Enterprise failed to provide coverage of at least $750,000.00 to Ballentine as required by the MCA and FCMSR for the commercial vehicle Ballentine rented from Enterprise on January 5, 2018;

f. That the Court adjudicate and declare that Enterprise is the primary insurer for the commercial vehicle Ballentine rented from Enterprise on January 5, 2018; and

      g.      That the Court adjudicate and declare that Enterprise shall be liable for any amount of damages that may be awarded against Ballentine in the Barksdale Lawsuit up to $750,000.00.

      RESPECTFULLY SUBMITTED, this the _____ day of April, 2021.

                                               */s/ Carson H. Thurman*
                                               CARSON H. THURMAN, BPR #30013

OF COUNSEL:

**Carroll Bufkin, PLLC**
Post Office Box 22803
Jackson, Mississippi 39157
Telephone: 601-982-5011
Facsimile: 601-853-9540
cthurman@carrollbufkin.com