Exhibit "3"

## IN THE CIRCUIT COURT OF DESOTO COUNTY MISSISSIPPI

**STEVEN D. BARKSDALE,**

     **Plaintiff,**

**vs.**                            **CIVIL ACTION NO:** $CI2019-448CWD$
                                              **JURY DEMANDED**


**JOHN DOE;**
**BALLENTINE EXPRESS CORP.; and**
**AAA MISSOURI,**

     **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, STEVEN D. BARKSDALE, by and through the undersigned counsel, and files this Complaint for Damages against the Defendants, JOHN DOE and BALLENTINE EXPRESS CORP., for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

### PARTIES

1. Mr. Barksdale hereinafter ("Plaintiff") is an adult resident and citizen of Southaven, Desoto County, Mississippi.

2. Upon information and belief, Defendant JOHN DOE, hereinafter ("Defendant John Doe"), is believed to be an adult resident and citizen of Desoto County, Mississippi, and was the employee of Defendant BALLENTINE EXPRESS CORP., or in the alternative, was an independent contractor operating a truck with the express permission of Defendant, BALLENTINE EXPRESS CORP.

**FILED**

SEP 2 3 2019

Chala K. Thompson
Circuit Court Clerk, Desoto County, MS

3.   Upon information and belief, at the time of the incident described herein, Defendant BALLENTINE EXPRESS CORP. was a corporation licensed to do business in the state of Tennessee, with its principle place of business being located at 1661 International Drive, Suite 400, Memphis, Tennessee 38120.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction of this civil claim, and this Court is an appropriate venue because Plaintiff's causes of action arise upon an underlying tort claim, as a result of injuries he sustained due to the negligent acts of the Defendants in Desoto County, Mississippi.

## FACTS

5.   On or about January 6, 2018, at approximatley 12:30 p.m., while working as a lift operator at his place of employment, AmeriSourceBergen, located at 12577 State Line Rd, in Olive Branch, Mississippi, Plaintiff had completed unloading a return shipment from Defendant John Doe's commerical box truck.

6.   At said date, time and place, Defendant John Doe had his box truck backed into the docking station for Plaintiff to unload certain items.

7.   At said date, time and place, Plaintiff finished unloading all the items on Defendant's box truck but stepped back onto Defendant's box truck to retrieve the pallet jack.

8.   At all relevant times, the dock light indictor was red, thus instructing Defendant John Doe not to move his vehicle.

9.   However, Defendant John Doe suddenly and without warning to Plaintiff placed his truck in drive and began to quickly pull away from the docking station without warning or warranted cause.

10. When Defendant John Doe negligently and recklessly pulled away from the dock, Plaintiff was violently thrown from the box truck and violently fell to the ground.

11. At all times pertinent to this Complaint, Defendant BALLENTINE EXPRESS CORP. was acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant John Doe and, therefore, Plaintiff relies on the doctrine of *Respondeat Superior*.

**CAUSE OF ACTION**
**NEGLIGENCE**

12. Plaintiff reincorporates paragraphs 1-11 as though set forth verbatim.

13. Defendant John Doe was, at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendant BALLENTINE EXPRESS CORP.

14. Plaintiff relies upon the doctrines of agency, *Respondeat Superior*, and avers that Defendant BALLENTINE EXPRESS CORP. is liable for the negligence of its employee, agent, and/or independent contractor, Defendant John Doe.

15. Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of the driver, Defendant John Doe, are imputed to BALLENTINE EXPRESS CORP.

16. Defendant John Doe acted with less than and/or failed to act with ordinary and reasonable care in the operation of the commercial box truck.

17. Defendant John Doe is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

    (a) Negligent in failing to use that degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) Negligent in failing to maintain a proper lookout for other vehicles and persons;

3

(c) Negligent in failing to keep his vehicle under proper control;

(d) Negligent in failing to warn Plaintiff;

(e) Negligent in failing to devote his full time and attention to the operation of his vehicle;

(f) Negligent in failing to observe appropriate signals and signs for operation of his vehicle on the premises;

(g) Negligent in failing to obey and/or comply with appropriate signals and signs for operation of his vehicle on the premises; and,

(h) Negligent in failing to prevent the accident and resulting injuries of the Plaintiff when he knew or, in the exercise of ordinary care, should have known that a dangerous condition could exist.

18. As a direct and proximate result of the negligence of Defendant BALLENTINE EXPRESS CORP. and Defendant John Doe, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

19. The above-referenced acts of negligence of Defendant BALLENTINE EXPRESS CORP. and Defendant John Doe were the cause in fact and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages.

**NEGLIGENCE *PER SE***

20. The Plaintiff repeats the allegations contained in paragraphs 1-19 as though set forth verbatim.

21. Plaintiff charges and alleges that Defendant John Doe was guilty of violating one or more of the following statutes of the State of Mississippi, each and every such statute being in

4

full force and effect at the time and place of the collision complained of, each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of the Plaintiff's injuries and damages, to-wit:

§ 63-3-1201.  Reckless driving.

Any person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.

Every person convicted of reckless driving shall be punished upon a first conviction by a fine of not less than Five Dollars ($5.00) nor more than One Hundred Dollars ($100.00), and on a second or subsequent conviction he may be punished by imprisonment for not more than ten (10) days or by a fine of not exceeding Five Hundred Dollars ($500.00), or by both.

§ 63-3-1213 - Careless driving.

Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.

Every person convicted of careless driving shall be punished by a fine of not less than Five Dollars ($5.00) nor more than Fifty Dollars ($50.00).

22. Upon information and belief, Defendant BALLENTINE EXPRESS CORP. maintained the vehicle being operated by the driver, Defendant John Doe, for the use of business and commercial purposes.

23. At all times relevant, the vehicle driven by Defendant John Doe was being operated and used with the authority, consent and knowledge and/or as an agent for Defendant BALLENTINE EXPRESS CORP. and/or for its use and benefit and/or as an agent for BALLENTINE EXPRESS CORP. for a business purpose. Thus, BALLENTINE EXPRESS CORP. is liable to the Plaintiff for the negligence and negligence *per se* of Defendant John Doe, pursuant to the principles of *respondeat superior*, agency, and/or bailment.

24. Upon information and belief, Defendant BALLENTINE EXPRESS CORP. furnished and/or gave permission to Defendant John Doe to use and/or procure the vehicle and thus was negligent in entrusting the operation of the vehicle owned and/or rented by BALLENTINE EXPRESS CORP. to Defendant John Doe, which was the direct and proximate cause of the damages to Plaintiff.

25. At all times relevant, the vehicle driven by Defendant John Doe was entrusted to him by Defendant BALLENTINE EXPRESS CORP. in spite of Defendant John Doe's incompetence to use it and Defendant BALLENTINE EXPRESS CORP.'s knowledge of his incompetence. Thus, Defendant BALLENTINE EXPRESS CORP. is liable to the Plaintiff for the negligent entrustment of the vehicle to Defendant John Doe.

## NEGLIGENT HIRING

26. That Defendant BALLENTINE EXPRESS CORP. negligently hired, retained, and/or was negligent in their supervision of Defendant John Doe in the course and scope of his duties as an agent/employee of BALLENTINE EXPRESS CORP.

27. That Defendant BALLENTINE EXPRESS CORP.'s hiring practices fall below the applicable standard of care and result in a breach of duty to the other drivers on the road by putting untrained and/or unqualified drivers behind the wheel of their vehicles.

## NEGLIGENT SUPERVISION

28. That Defendant BALLENTINE EXPRESS CORP. failed to adequately supervise and train their employees/agents, which resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

29. That Plaintiff has suffered damages, including but not limited to:

(a) Serious and severe personal injuries and damages;

6

(b) Physical pain, mental suffering and anguish, both past and future;

(c) Loss of ability to enjoy the normal pleasures of life, both past and future;

(d) Permanent scarring, injury and disfigurement;

(e) Lost wages, both past and future;

(f) Other non-pecuniary losses; and

(g) Medical expenses, both past and future.

30. As a direct and proximate result of the negligence, and acts or omissions of the Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff Steven D. Barksdale respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;

2. That Plaintiff be awarded the present cash value of any medical care and treatment that he has had or will have to undergo;

3. That Plaintiff be awarded compensatory damages in an amount to be determined by a jury;

4. That Plaintiff be awarded post-judgement interest as allowed by law;

5. That a jury be empaneled to try the issues which are joined; and

6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**MORGAN & MORGAN – MEMPHIS, LLC**

Ryan M. Skertich (#103289)
Attorney for the Plaintiff
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 217-7000
Fax:    (901) 524-1748
rskertich@forthepeople.com

8