# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BALLENTINE EXPRESS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EAN HOLDINGS, LLC, d/b/a Enterprise ) | No. 2:21-cv-02242-TLP-cgc |
| Rentals, and STEVEN D. BARKSDALE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| SHELTER GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |

## ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

This is a dispute about insurance coverage. First, Steven Barksdale sued Plaintiff Ballentine Express Corp. ("Ballentine") in Mississippi state court over injuries from a car wreck. Ballentine then sued Defendants EAN Holdings, LLC, d/b/a/ Enterprise Truck Rental ("Enterprise") and Steven D. Barksdale here. (ECF No. 1.) In turn, Defendant Enterprise moved for joinder of Third-Party Defendant Shelter General Insurance Company ("Shelter General") in July 2021, and the Court granted the motion. (ECF Nos. 28 & 30.) Enterprise then filed a third-party complaint against Shelter General in November 2021. (ECF No. 45.) Shelter General now moves to dismiss the third-party complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 89.) Enterprise responded to the motion. (ECF No. 95.) And Shelter General replied. (ECF No. 99.) For the reasons below, the Court **GRANTS** Shelter General's motion to dismiss.

## **BACKGROUND**

As the Court has explained, this is a dispute about who has to buy insurance coverage and making sure that the coverage conforms with applicable laws. (ECF No. 70 at PageID 502.) According to the original complaint, Ballentine is a "commercial trucking entity" and "for-hire general freight carrier" based in Memphis, Tennessee. (ECF No. 37 at PageID 255.) Enterprise alleges in its third-party complaint that Ballentine rented a vehicle from it in January 2018. (ECF No. 45 at PageID 426.) As part of the rental agreement, Ballentine bought from Enterprise "liability protection with liability limits of $100,000 per person and $300,000 per accident." (*Id.*) One of Ballentine's drivers then got into an accident with Defendant Barksdale while driving the vehicle rented from Enterprise. (*Id.*)

Enterprise alleges that at the time of the accident, Ballentine had a $1,000,000.00 liability insurance policy from Shelter General. (*Id.*) And Enterprise asserts that Shelter General issued an MCS-90 endorsement for that insurance policy—allowing Ballentine to maintain its motor carrier operating authority under the Federal Motor Carrier Act of 1980 and the Federal Motor Carrier Safety Regulations. (*Id.* at PageID 427.)

And so this lawsuit began when Barksdale sued Ballentine in Mississippi state court over the accident. (*Id.*) And Enterprise alleges here that Shelter General is providing Ballentine's defense to that Mississippi suit "under a reservation of rights even though the MCS-90 endorsement attached to [the] policy acts as a surety requiring [Shelter General] to satisfy any judgment entered against [Ballentine] regardless of whether [Shelter General] owes indemnity to [Ballentine]." (*Id.*) Enterprise also claims that Shelter General is paying the attorney fees for Ballentine related to the suit in this Court. (*Id.* at PageID 427–28.)

Enterprise asserts Ballentine's insurance coverage should come from Shelter General, not Enterprise. (*Id.* at PageID 428–29.) So Enterprise seeks a declaratory judgment stating with five parts: (1) "[Shelter General] is obligated to satisfy any judgment entered against [Ballentine] in the underlying tort action filed by Steven Barksdale up to the liability limits of the policy of insurance issued by it to [Ballentine] and in effect at the time of the subject incident"; (2) "[Shelter General] is obligated to satisfy any judgment entered against [Enterprise] in the underlying tort action filed by Steven Barksdale up to the liability limits represented in the MCS-90 endorsement filed by [Shelter General] in effect at the time of the subject incident"; (3) "[Shelter General], rather than [Enterprise], is obligated to provide a defense to [Ballentine] in the underlying tort action filed by Steven Barksdale"; (4) "[t]he commercial policy of insurance issued by [Shelter General] to [Ballentine] and in effect at the time of the subject incident is primary to the liability protection purchased by [Ballentine] from [Enterprise]"; and (5) "[t]he [Shelter General] insurance policy provides indemnity coverage for the indemnity claim made by this defendant pursuant to the Master Truck Rental Agreement." (*Id.* at PageID 429–30.)

## LEGAL STANDARD

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To survive a motion to dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). When resolving a Rule 12(b)(6) motion to dismiss, "the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020) (quoting *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

## ANALYSIS

Shelter General argues that the third-party complaint violates Rule of Civil Procedure 14, which governs third-party practice. (ECF No. 90 at PageID 655–61.) Rule 14(a) says that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be *liable to it* for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1)(emphasis added). According to the Sixth Circuit, "[t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). And "a defendant's claim against a third-party defendant cannot simply be

4

an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." *Id.* (citations omitted).

Shelter General stresses that it has no potential liability to Enterprise for Ballentine's claim against Enterprise. (ECF No. 90 at PageID 655–56.) The motion to dismiss argues that, at most, Shelter General may be liable to Ballentine, not Enterprise. (*Id.*) And so Shelter General asserts that Enterprise cannot properly bring a third-party complaint against Shelter General. (*Id.*) Shelter General also contends that Enterprise lacks standing to seek a declaratory judgment related to an insurance policy between Shelter General and Ballentine—a policy to which Enterprise is not a party. (*Id.*) Lastly, Shelter General contends that the Court should exercise its discretion and reject jurisdiction over Enterprise's third-party complaint under the Declaratory Judgment Act. (*Id.* at PageID 661–63.)

In response, Enterprise does not mention Federal Rule of Civil Procedure 14. (ECF No. 95.) Enterprise spends most of its response describing Shelter General's role and financial interest in the outcome—alleging that there is a conflict of interest between Shelter General and Ballentine. (*Id.* at PageID 679–82.) Enterprise then concludes that Shelter General is an indispensable party to this action under Federal Rule of Civil Procedure 19. (*Id.* at PageID 682–83.) But this argument fails to address Shelter General's assertion that Enterprise's third-party complaint violates Rule 14. And rather than explaining why the Court should not dismiss the third-party complaint, Enterprise argues that the Court should require Ballentine to join Shelter General to this matter as a party defendant.[1] (*Id.* at PageID 682–83.)

---

[1] Enterprise made the same request when responding to an earlier motion. (ECF No. 80 at PageID 525.) The Court denied the request without prejudice because Enterprise did not include a certificate of consultation as required by Local Rule 7.2(a)(1)(B), and because the Court found that Enterprise "should have raised its requests for relief in separate motions rather than in

Enterprise simply does not respond to Shelter General's arguments for dismissing the third-party complaint. And "[w]here a party fails to respond to an argument in a motion to dismiss, 'the Court assumes he concedes this point and abandons the claim.'" *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021) (quoting *PNC Bank, N.A. v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015)); *see also Batson v. Hoover*, 355 F. Supp. 3d 604, 618 (E.D. Mich. 2018). Indeed, it is well established that "[a] plaintiff abandons undefended claims." *Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016) (citing *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007); *Meredith v. Allen Cnty. War Memorial Hosp. Comm'n*, 397 F.2d 33, 34 n.2 (6th Cir. 1968); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010)). Enterprise's lack of a response here is enough to grant the motion to dismiss.

What is more, this Court finds compelling Shelter General's main point that this is not a proper third-party complaint because its contractual obligation is to Ballentine, not Enterprise. Perhaps Enterprise too recognizes how persuasive that position is and chose to focus its response elsewhere. In any event, the Court **GRANTS** Shelter General's motion to dismiss.[2]

## **CONCLUSION**

Based on the above, the Court **GRANTS** Shelter General's motion to dismiss Enterprise's third-party complaint.

**SO ORDERED**, this 18th day of July, 2022.

　　　　　　　　　　　　　　　　s/Thomas L. Parker
　　　　　　　　　　　　　　　　THOMAS L. PARKER
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

response to Shelter General's motion . . . ." (ECF No. 103 at PageID 718.) Enterprise has not yet moved to compel Ballentine to join Shelter General to the original complaint.
[2] Enterprise requests a hearing under Local Rule 7.2(d). (ECF No. 95 at PageID 684.) The Court finds that a motion hearing is unnecessary to resolve the issues presented here.