**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BALENTINE EXPRESS CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Docket No.  2:21-CV-2242** |
| | ) | **TWELVE PERSON** |
| **EAN HOLDINGS, LLC. d/b/a** | ) | **JURY DEMANDED** |
| **ENTERPRISE RENTALS and** | ) | |
| **STEVEN D. BARKSDALE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT EAN HOLDINGS, LLC'S PETITION FOR POST-JUDGMENT AWARD
OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO 28 U.S.C. 2202**

Comes the defendant, EAN Holdings, LLC d/b/a Enterprise Rentals (hereinafter referred to as "Enterprise"), by and through counsel, pursuant to 28 U.S.C. 2202 and petitions this Honorable Court post-judgment for an award of attorney's fees and expenses against Ballentine Express Corporation (hereinafter referred to as "Ballentine"), where Enterprise was the prevailing party in this declaratory judgment action and based on Ballentine's breach of the Master Truck Rental Agreement, entitling Enterprise to an award of attorney's fees and expenses.

**STATEMENT OF FACTS**

This matter arises from the rental of a 26' box truck by Ballentine from Enterprise pursuant to a Master Truck Rental Agreement.  On August 25, 2017, Ballentine executed the Master Truck Rental Agreement that Shea Hargett executed on behalf of Enterprise.

The Master Truck Rental Agreement included Schedule A as part of the terms of the contract between the parties.  Enterprise took the position at trial that on November 15, 2017, Ballentine had knowledge of and agreed to the purchase of a policy of liability coverage known as Business Travelers Insurance ("BTI") with a split limit of $100,000 per person/$300,000 per

1

accident and $50,000 for property damage. Ballentine claimed that Enterprise agreed to provide BTI with a liability coverage limit of $750,000.

An accident occurred on January 6, 2018, involving a 26' commercial box truck driven by Ballentine's employee and Steven D. Barksdale.  Ballentine claimed that the Enterprise 26' box truck was the truck involved in that accident.  Following the accident involving Ballentine and Steven D. Barksdale in the state of Mississippi on January 6, 2018, Ballentine was sued by Mr. Barksdale for bodily injuries and damages resulting in a verdict against Ballentine in the amount of $1.7 million.

Ballentine refused to accept the BTI coverage limit per person of $100,000, which was made available to Ballentine by Enterprise in breach of the Master Truck Rental Agreement. Rather, Ballentine filed this declaratory judgment action against Enterprise pursuant to 28 U.S.C. 2201, alleging breach of contract against Enterprise claiming that Enterprise agreed to provide a BTI policy with $750,000 in liability coverage and refused to provide that coverage in regard to the Steven D. Barksdale accident and judgment.

Through its declaratory judgment action, Ballentine sought to compel Enterprise to indemnify it in the amount of $750,000 against the Mississippi judgment.  Ballentine's action represents further breach of the Master Truck Rental Agreement requiring Enterprise to incur attorney's fees and expenses in defense against the declaratory judgment action and the Master Truck Rental Agreement terms and conditions. Specifically, Ballentine's declaratory judgment action sought a "[D]eclaratory Judgment adjudicating and declaring that Enterprise is independently liable for damages alleged in the Barksdale Lawsuit in an amount not less than $750,000.00." (See Amended Complaint, paragraph 54)

Under the terms and conditions of the Master Truck Rental Agreement between the parties, the following is provided:

> 3. Rental Contracts. For each Rental Truck rented, Customer must execute Enterprise's then current standard form of rental contract in the jurisdiction in which the rental occurs (each, a "Rental Contract"), incorporated herein by reference. . . . In order to allow Enterprise to provide Rental Trucks to Customer in a prompt and efficient manner, Customer . . . (d) agrees to defend and indemnity Enterprise and hold Enterprise harmless from and against any and all claims, demands, damages, liabilities, injuries, losses, costs and other expenses (including, without limitation, attorney's fees and expenses) relating to or arising out of or in connection with any acts or omissions or any Authorized Person.

> 8. Default and Remedies. The following constitute events of default ("Events of Default") by Customer under this Agreement: . . . (b) if Customer violates any term, condition or provision of this Agreement and/or Rental Contract applicable to the Rental Trucks, . . . (d) if Customer . . . fails to comply with any other present or future agreement with or in favor of Enterprise.

> In the event of a default, Enterprise has the right to exercise concurrently or separately, the following remedies: . . . (c) Enterprise may recover damages and expenses sustained by Enterprise in attempting of effecting enforcement of Enterprise's rights under this Agreement (including attorney's fees and costs incurred whether or not litigation is commenced.

On February 23, 2023, a jury returned a unanimous verdict in favor of Enterprise concluding that Ballentine failed to prove on a preponderance of the evidence that Enterprise contracted to provide Ballentine with a BTI liability insurance policy with coverage in the amount of $750,000.00. This Court subsequently entered a Judgment dismissing Ballentine's declaratory judgment action with full prejudice.

## <u>ARGUMENT</u>

Under the provisions of 28 U.S.C 2202, such "further necessary or proper relief on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose right have been determined by such judgment." Based on Judgment of this Court dismissing Ballentine's declaratory judgment action, Ballentine now has contractual liability

to pay Enterprise's attorney's fees and expenses as a result of Ballentine's default and breach of the Master Truck Rental Agreement.

In <u>Berkley Reg'l Ins. Co. v. Greater Easter Credit Union</u>, 438 F. Supp. 3d 857 (USDC Eastern District of Tennessee February 21, 2020), the issue of an award of attorney's fees and expenses in a declaratory judgment action was addressed. <u>Id</u>. at 866-867.  The District Court recognized that 28 U.S.C. 2202 simply allows for "further necessary or proper relief based on a declaratory judgment."  The Court stated, "[W]hile the Sixth Circuit has not addressed awarding attorney's fees under 28 U.S.C. 2202, other circuits have held that this status does not create an independent basis for attorney's fees and costs. Additionally, Tennessee follows the American rule for awarding attorney's fees and costs.  Under the American rule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to receive attorney fees; or (2) some other recognized exception to the American rule applies."  <u>Id</u>. at 866-867.

This Court properly concluded that the controlling issue in the litigation of the case at bar was whether the Enterprise contracted with Ballentine to provide a Business Travel Insurance policy with a liability coverage limit of $750,000, or not.  Enterprise consistently sought to enforce the Master Truck Rental Agreement and Schedule A, taking the position that it provided Ballentine a BTI policy with a liability coverage limit of $100,000 per person and, that Ballentine paid consideration specifically for that level of coverage.

However, Ballentine's actions and claims sought to breach the Master Truck Rental Agreement and Schedule A, asserting that some phantom, unidentified female employee told Ballentine that Enterprise provided Ballentine a BTI policy with a coverage limit equal to the

minimum amount of liability coverage ($750,000) required by the state of Tennessee for commercial motor carriers.

Enterprise successfully defended the terms and conditions of the Master Truck Rental Agreement and Schedule A as the jury in the case at bar concluded that Ballentine failed to prove on a preponderance of the evidence that Enterprise agreed to provide a BTI policy with a liability coverage limit of $750,000.

**WHEREFORE**, based upon the foregoing, EAN Holdings, LLC d/b/a Enterprise Truck Rentals moves this Court for entry of an Order awarding attorney's fees and expenses incurred in the defense of the plaintiff's declaratory judgment action pursuant to 28 U.S.C. 2202 and permit the Defendant to submit its Affidavit of Attorney's Fees and Expenses for this Court to consider as a Writ of Inquiry to determine the amount of attorney's fees and expenses EAN Holdings, LLC d/b/a Enterprise Truck Rentals is entitled to as a matter of law.

Respectfully submitted,

**TRAMMELL, ADKINS & WARD, P.C.**

By:   s/Terrill L. Adkins
      Terrill L. Adkins, BPR# 013138
      Attorneys for EAN Holdings, LLC
      P.O. Box 51450
      Knoxville, Tennessee 37950
      terryadkins@tawpc.com (email)
      (865) 330-2577 (phone)
      (865) 330-2578 (fax)

By:   s/Elijah T. Settlemyre
      Elijah T. Settlemyre, BPR# 032360
      Attorneys for EAN Holdings, LLC
      P.O. Box 51450
      Knoxville, Tennessee 37950
      terryadkins@tawpc.com (email)
      (865) 330-2577 (phone)
      (865) 330-2578 (fax)

**BAKER, STERCHI, CROWDER & RICE, LLC**

By:    s/Joseph R. Swift
           Joseph R. Swift, pro hac vice
           Attorneys for EAN Holdings, LLC
           100 North Broadway, Suite 2100
           St. Louis, Missouri  63102-2737
           jswift@bscr-law.com (email)
           (314) 345-5050 (phone)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2023 a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the court's electronic filing system.

**TRAMMELL, ADKINS & WARD, P.C.**

By:   s/Terrill L. Adkins

Terrill L. Adkins